IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO H. DEL BOSQUE,<br>      Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | No. 3:25-CV-02541-S-BW |
| THE PRUDENTIAL<br>INSURANCE COMPANY OF<br>AMERICA,<br>      Defendant. | §<br>§<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant The Prudential Insurance Company of

America's ("Prudential") motion to dismiss (Dkt. No. 15 ("Motion" or "Mot.")) and

brief in support (Dkt. No. 16 ("D. Br.")) filed on January 6, 2026.  This action was

referred to the undersigned United States magistrate judge for pretrial management

and recommendation on claim-dispositive motions pursuant to 28 U.S.C. § 636(b)

and Special Order No. 3-251.  (*See* Dkt. No. 3.)

Having considered the pleadings and the relevant law, the undersigned

recommends, for the reasons set out below, that the motion (Dkt. No. 15) be

**DENIED**.

## I.  BACKGROUND

Plaintiff Mario H. Del Bosque, proceeding pro se in this action, filed his

original petition in the State of Texas, County Court of Law No. 4, Case No. CC-25-

04060-D, on May 28, 2025, asserting that Prudential wrongly denied his claim for

benefits under an Accidental Death and Dismemberment ("AD&D") insurance policy. (Dkt. No. 1-4 ("Petition" or "Pet."))

On August 28, 2025, Del Bosque filed a Return of Service purporting to have served Prudential by sending the complaint and summons via certified mail to Prudential's "Beneficiary Services" address, a P.O. Box in Philadelphia. (*See* Dkt. No. 1 ¶ 2; Dkt. No. 1-3 ¶ 2; *see also* Dkt. No. 1-4 at ECF p. 54.) According to the Return of Service, the Petition was mailed on May 30, 2025, and signed for by an unknown individual on June 9, 2025. (*See* Dkt. No. 1 ¶ 2; *see also* Dkt. No. 1-4 at ECF pp. 55-56.)

Prudential removed to this Court on September 19, 2025, on the basis of federal question jurisdiction under 29 U.S.C. § 1441(a), as well as diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* Dkt. No. 1.) At the time of removal, Prudential noted that, although it had access to the complaint and summons, the purported service on Prudential via its "Beneficiary Services" address was invalid. (See Dkt. No. 1 ¶ 3.) Prudential's Notice of Removal also included instructions explaining how Del Bosque may properly effect service, including the name and address of Prudential's registered agent. (*Id.* ¶ 3.)

Shortly after removal, on September 25, 2025, the Court ordered Del Bosque, pursuant to § 1448 of Title 28, to either serve Prudential or obtain a waiver of service by December 18, 2025, exactly 90 days after removal. (Dkt. No. 6.) The order advised Del Bosque that failure to do so could result in a recommendation that this

action be dismissed.  (*See id.*)  Thereafter, on December 15, 2025, Del Bosque filed a document entitled, "Plaintiff Is Serving Defendant With The Copy That Was Filed In Dallas County Court At Law No. 4 To Initiate This Lawsuit, 'Prudential Insurance Company of America Acting In Bad Faith,'" indicating that Prudential's lawyer is "the right person to serve with this Lawsuit." (Dkt. No. 10.)  On December 18, 2025, Del Bosque filed a purported "proof of service." (Dkt.  No. 14.)  The "proof of service" indicates that Del Bosque sent documents by FedEx to Seyfarth Shaw LLP's Dallas office.  (*See id.*)  The FedEx receipt attached to the "proof of service" does not include a specific individual's name for delivery.  (*Id.*)  The "proof of service" signed by Del Bosque shows that documents were delivered on December 17, 2025, and signed for by an individual named "P. Pam." (*Id.*)  The "proof of service" further provides: "In the building, the person of [sic] front desk and I called the office and said there was no one in the office – to sign; can leave the package there. Nobody at the front desk wanted to sign of [sic] of received." (*Id.*)  On December 23, 2025, Prudential's counsel contacted Del Bosque via telephone and spoke with Del Bosque's wife, again providing information regarding how to properly effect service.  (*See* D. Br. at 6.)  According to Prudential, Del Bosque's wife "was not receptive to the conversation." (*Id.*, *see also* Dkt. No. 16-2 ¶¶ 4-5.)  In his

-3-

response, Del Bosque states that any trouble during the conversation was due to a language barrier.  (*See* Resp. at 8.)

On January 6, 2026, Prudential filed the present motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure Rule 12(b)(5). (Dkt. No. 15.)  On January 29, 2026, Del Bosque filed a response in opposition (Dkt. No. 18 ("Resp.")), to which Prudential filed a reply on February 6, 2026 (Dkt. No. 19 ("Reply")).)  Accordingly, the Motion (Dkt. No. 15) is ripe for consideration.

## II.  LEGAL STANDARDS

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure."  *McAfee v. Lear Corp.*, No. 3:24-CV-1811-D, 2024 WL 5012063, at *1 (N.D. Tex. Dec. 6, 2024) (internal quotation marks omitted).  A defendant may challenge the method of service that has been attempted under Federal Rule of Civil Procedure 12(b)(5).  *See id.*  "When such a motion is filed, the serving party bears the burden of proving the validity of service or good cause for failure to timely serve."  *Id.* (internal quotation marks and brackets omitted). Importantly, a plaintiff's pro se status does not exempt him from these requirements. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).  Actual notice is not sufficient to show service of process is valid.  *See Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007).  "Good cause" requires "*at least* as much as would be required to show excusable neglect."  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th

Cir. 1985).  Mere mistake or ignorance is not enough to constitute excusable neglect or good cause.  *See id.*  The plaintiff must also show "'good faith'" and "some reasonable basis for noncompliance within the time specified."  *See id.*

While dismissal for insufficient service of process is proper, "a district court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service."  *Neely v. Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008).  In fact, district courts have the discretion to grant extensions to effect proper service "even if there is no good cause shown.'"  *Henderson v. United States*, 517 U.S. 654, 662 (1996) (citing Advisory Committee's Notes on Fed. R. Civ. P. 4).  Accordingly, a court may decide that quashing service and extending time for re-service, rather than dismissing the case, is better suited for cases where there is "a reasonable prospect that Plaintiff will be able to serve Defendant properly."  *Coleman v. Carrington Mortg. Servs., LLC*, No. 419CV00231ALMCAN, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020).

### III.  ANALYSIS

Prudential argues that the Court should grant its motion because instructions for how to properly serve process were made available to Del Bosque; Del Bosque had been Court-ordered to properly effect service; and Prudential attempted to speak to Del Bosque and give him instructions directly.  (*See generally* D. Br.)  Del Bosque argues in response that Prudential had actual notice, as evidenced by its participation in the litigation; that Del Bosque made good faith efforts and attempts to follow the

court's order; and that the nature of being a pro se plaintiff entitles him to some leniency. (*See generally* Resp.)  In its reply, Prudential maintains that Del Bosque's complaint should be dismissed because he has been given several opportunities to properly serve Prudential and failed to do so. (*See generally* Reply.)

Del Bosque does not appear to contest Prudential's assertion that neither his mailing of the complaint and summons to Prudential's "Beneficiary Services" nor his subsequent mailing to Prudential's attorney's office constituted proper service as neither recipients are authorized to receive process of behalf of Prudential. (*See generally* Mot., Resp.)  Accordingly, and based on the facts presented, the undersigned finds that Del Bosque failed to properly serve Prudential under Rule 4. *See* Fed. R. Civ. P. 4(h).

Additionally, nothing in the record before the Court indicates that Del Bosque is likely able to show good cause for failure to effect timely service, as he was provided with the correct address to serve Prudential and given a court order to do so. (Dkt. Nos. 1, 6.)  Del Bosque's defects in serving Prudential are more likely due to mistake or ignorance, not excusable neglect.  Therefore, Del Bosque likely cannot show good cause. *See Winters*, 776 F.2d at 1306.

Based on the foregoing, the Court finds that Del Bosque failed to properly serve Prudential under Rule 4.  The record indicates that Del Bosque served an incorrect address and failed to effect service on a registered agent of Prudential or the registered office of Prudential. (*See* Dkt. Nos. 10, 14.)  However, the Court is still

within its discretion to grant an extension and quash the service. *See Henderson*, 517 U.S. at 662. Because it is reasonably conceivable that these service defects can be cured, the undersigned concludes that the appropriate action is to deny Prudential's Motion to Dismiss, quash the previous service attempts, and grant Del Bosque an extension to provide a final opportunity to effect proper service.

## IV. RECOMMENDATION

For the reasons stated, the undersigned recommends that Prudential's Motion to Dismiss (Dkt. No. 15) be **DENIED**, that Del Bosque's outstanding service attempts be **QUASHED**, that Del Bosque be given an opportunity to properly serve Prudential within 21 days of the District Judge's acceptance of these findings, conclusions, and recommendation or another date established by the District Judge, and that Del Bosque's lawsuit be dismissed without prejudice if he fails to serve Prudential within the time allowed.

**SO RECOMMENDED** on June 11, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).